IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHEILA HARPER**                                                                        **PLAINTIFF**

**v.**                                                                        **CAUSE NO. 1:23CV197-LG-RPM**

**UNITED STATES OF
AMERICA, through the
Department of Navy and
Department of Defense**                                                     **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE

**BEFORE THE COURT** is the United States' [52] Motion in Limine asking

the Court to limit the testimony of Plaintiff Sheila Harper's treating physician, Dr.

George Salloum, "to the disclosures and summaries of facts and opinions that

Plaintiff has made." [53 pp. 2–3].  Plaintiff Sheila Harper has filed a response in

opposition to the Motion, but she did not file a supporting memorandum as required

by L.U. Civ. R. 7(b)(4).  After reviewing the submissions of the parties, the record in

this matter, and the applicable law, the Court finds that the United States' Motion

in Limine should be granted.

## DISCUSSION

As this Court has previously explained in its [54] Memorandum Opinion and

Order, all testifying experts, including treating physicians, must be timely

designated pursuant to Fed. R. Civ. P. 26(a)(2)(A).  *See Hamburger v. State Farm*

*Mut. Auto. Ins. Co.*, 361 F.3d 875, 882–83 (5th Cir. 2004); L.U. Civ. R. 26(a)(2).

Harper's expert designation deadline was February 5, 2024, [9 p. 4], so Harper was

required to provide at least the following information by that date:

(i) the subject matter on which the witness is expected to present
evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is
expected to testify.

*See* Fed. R. Civ. P. 26(a)(2)(C); L.U. Civ. R. 26(a)(2).

Fed. R. Civ. P. 26(e)(1) requires a party to supplement or correct its Rule

26(a) disclosures

in a timely manner if the party learns that in some material respect
the disclosure or response is incomplete or incorrect, and if the
additional or corrective information has not otherwise been made
known to the other parties during the discovery process or in writing; .
. . as ordered by the court.

Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at

appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the

discovery deadline established by the case management order."  L.U. Civ. R.

26(a)(5).  The record reflects that Harper has not attempted to supplement Dr.

Salloum's opinions, and the discovery deadline was May 17, 2024.

Due to Harper's failure to supplement, the United States wishes to limit Dr.

Salloum's trial testimony to the opinions he gave in an April 3, 2023, letter and in a

May 13, 2024, deposition.  [43-1, 43-2].  It explains:

In this case, Dr. Salloum has disclosed through his deposition
testimony that he was not aware of Plaintiff's prior medical treatments
beyond what she told him, did not review any prior medical records,
and he relied on Plaintiff's recitation of events to state his causal
opinion between Plaintiff's surgeries and the car wreck at issue in this
lawsuit.  See ECF No. 37 at pp. 5-7.  At trial, Dr. Salloum should not
be permitted to add to, or supplement, his opinions because no further
disclosures were made prior to the close of discovery.

[53 p. 3].  Harper responds that the Court decided the Motion in Limine in a prior

[54] Memorandum Opinion and Order.  In the alternative, she claims that the

Motion in Limine should be denied for the reasons stated in the Court's prior [54]

Memorandum Opinion and Order.

Contrary to Harper's assertions, the Court's prior ruling did not indicate that

she should be able to provide altered or previously undisclosed opinions from Dr.

Salloum at trial; rather, the Court rejected Harper's argument that the United

States' *Daubert* Motion should be denied in order that she could have more time "to

expand and explore" Dr. Salloum's opinions.  [54 p. 15].  The Court further noted

that it would address the United States' Motion in Limine in a separate order.  *Id.*

at 16 n.2.

When a party fails to supplement her disclosures, she "is not allowed to use

that information or witness to supply evidence on a motion, at a hearing, or at trial,

unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.

37(c)(1).  Harper has not provided an explanation for her failure to timely

supplement her expert disclosure.  Furthermore, she still has not provided any

supplemental opinions; thus, her failure to timely supplement is not harmless.  The

United States cannot be expected to prepare for trial when Harper continues to

refuse to provide Dr. Salloum's supplemental opinions.  The United States' Motion

in Limine is granted.  Since the deadline for supplementation has expired, Dr.

Salloum will not be permitted to provide any undisclosed or supplemental opinions

at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the United

States' [52] Motion in Limine is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE